UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCHMID PROSPER,

                    Petitioner,

vs.                                    Case No.  2:10-cv-68-FtM-29DNF

SECRETARY OF THE FLORIDA DEPARTMENT
OF CORRECTIONS,
                    Respondent.
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Schmid Prosper initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on January 28, 2010, applying the mail box rule.[1] Respondent filed a Response (Doc. #8, Response) to the Petition and supporting exhibits (Doc. #9, Exhs. 1-25) consisting of post-conviction records.  Petitioner filed a Reply (Doc. #11, Reply).

The Petition contains the following four grounds for relief: (1) ineffective assistance of counsel for failing to seek a direct appeal; (2) ineffective assistance of counsel for failing to object

---

[1]After a through review of the record, the Court determined that Petitioner incorporates within his Petition some pages containing his arguments before the State court.  See, e.g., Petition at 11 (referencing Exh. A when there is no Exh. A before this Court, but was an Exh. A filed in Petitioner's post-conviction motion, at Exh. 13).  Petitioner also incorporates in his Petition, a copy of his brief on appeal to the Second District Court of Appeal, pp. 25-29, and an Order from the post-conviction court denying his motion for rehearing, pp. 31-32.  Respondent includes all relevant post-conviction motions and orders in compliance with Rules Governing Section 2254 cases.  Therefore, the Court accepts those exhibits filed by Respondent and disregards those post-conviction exhibits filed by Petitioner.

to an improper competency hearing, resulting in Petitioner entering an involuntary and unknowing guilty plea; (3) ineffective assistance of counsel for misadvising Petitioner on the possible maximum penalty; and (4) a double jeopardy violation because the two counts arose from a single criminal episode. See generally Petition.

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). As discussed hereafter, the Court finds the Petition is untimely and must be dismissed.

## I. Procedural History

On May 3, 2002, Petitioner was charged with two counts of sexual battery on a child under the age of twelve in case number 02-744CFA, in the Twentieth Judicial Circuit Court, Collier County, Florida. Response at 8; Exh. 1. Petitioner failed to appear for the scheduled trial date; so, on May 3, 2004, Petitioner was

rearrested and also charged with failure to appear.  Id.; see also
Exh. 1 at 19 and Exh. 2 (copies of Amended Information).

On June 20, 2005, Petitioner, through counsel, negotiated a
nolo contendere plea to the lesser offenses of attempted sexual
battery and to failure to appear.  Exh. 1 at 2.  In return for the
State's reduction of the sexual battery charges, Petitioner agreed
to a 25-year prison term on the lesser offenses, followed by five
years probation.  In accordance with the plea, on June 20, 2005,
Petitioner was adjudicated guilty and received a 25-year sentence
on the attempted sexual battery counts, and a 5-year concurrent
sentence on the failure to appear count.  Exh. 1 at 5; Response at
2.  Petitioner did not file a timely direct appeal.

### Pro se Petition for Belated Appeal

On November 30, 2006, Petitioner filed a pro se petition for
permission to file a belated appeal.  Exh. 9.  After receiving the
State's response, and a reply from Petitioner, the appellate court
appointed a commissioner to conduct an evidentiary hearing to
determine whether Petitioner timely requested that his trial
attorney file an appeal. Exhs. 5-7.  After conducting these
evidentiary proceedings, the commissioner recommended that the
petition be denied.  Exh. 8.  On August 8, 2007, the appellate
court denied Petitioner's petition for a belated appeal.  Exh. 9;
Prosper v. State, 969 So. 2d 1031 (Fla. 2d DCA Aug. 8,
2007)[table].  Rehearing was denied on December 4, 2007.  Exh. 11.

**Motion for Post-Conviction Relief**

On April 21, 2008, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. Exh. 13. On August 27, 2008, the post-conviction court dismissed Petitioner's rule 3.850 motion as untimely. Exh. 14. The post-conviction court then dismissed Petitioner's motion for rehearing. Exhs. 15-16. Petitioner appealed, and on November 6, 2009, the appellate court *per curiam* affirmed the post-conviction court's dismissal. Exhs. 17-19; Prosper v. State, 23 So. 3d 119 (Fla. 2d DCA Nov. 6, 2009)[table]. The appellate court denied Petitioner's motion for rehearing, and mandate issued December 23, 2009. Exhs. 20-22.

## II. Petitioner's Habeas Corpus Petition is Untimely

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Neither party disputes the applicability of the AEDPA.

On April 24, 1996, the President signed into law AEDPA. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

-4-

judgment of a State court.  The limitation
period shall run from the latest of –

> (A) the date on which the judgment
> became final by the conclusion of
> direct review or the expiration of
> the time for seeking such review;

> (B) the date on which the impediment
> to filing an application created by
> State action in violation of the
> Constitution or laws of the United
> States is removed, if the applicant
> was prevented from filing by such
> State action;

> (C) the date on which the
> constitutional right asserted was
> initially recognized by the Supreme
> Court, if the right has been newly
> recognized by the Supreme Court and
> made retroactively applicable to
> cases on collateral review; or

> (D) the date on which the factual
> predicate of the claim or claims
> presented could have been discovered
> through the exercise of due
> diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).

Respondent seeks dismissal of the Petition as time-barred due
to the Petitioner's failure to comply with the one-year period of
limitations as set forth in § 2244(d).  <u>See</u>  Response.  Respondent

also asserts that Petitioner is not entitled to equitable tolling.
<u>Id.</u>

Here, the trial court entered Petitioner's judgment on July 5, 2005. Because Petitioner did not file a direct appeal, his judgment became final 30 days later, when his time expired to file a direct appeal, or on August 4, 2005. <u>See</u> <u>Pugh v. Smith</u>, 465 F.3d 1295, 1299-1300 (11th Cir. 2006)(recognizing a petitioner did not receive the benefit of the 90-day grace period to file a writ of *certiorari* to U.S. Supreme Court when the petitioner did not pursue an appeal to the state court of last resort); 28 U.S.C. § 2244(d)(stating the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review."). In Florida, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. Fla. R. App. P. 9.140(b)(2); <u>McGee v. State</u>, 684 So. 2d 241 (Fla. 2d DCA 1996). Thus, Petitioner had through August 4, 2006, to file a § 2254 Petition, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period. 28 U.S.C. § 2244(d)(2). <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (citations omitted)(recognizing that limitations period should be calculated suing the anniversary date of the triggering event).

Under § 2244(d)(2), the one-year period is tolled during the pendency of any "properly filed" state post-conviction proceeding. Petitioner's first post-conviction matter was his petition for belated appeal, filed on November 30, 2006. Thus, Petitioner filed his petition for belated appeal after 482 days of the federal limitations period had elapsed. Assuming *arguendo*, that a petition for belated appeal constitutes a state collateral application for post-conviction relief within the meaning of 28 U.S.C. §2244(d)(2), this proceeding did not toll the statute of limitations because the one-year period had already expired. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas filing deadline does not revive it"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"). Thus, the instant Petition is untimely and subject to dismissal under § 2254(d), unless Petitioner can establish grounds to support equitable tolling.

**Equitable Tolling**

Petitioner asserts that "manifest injustice" will occur if the Court does not review the merits of the Petition. See generally Petition; Reply at 1. Liberally construing the Petition and the Reply, Petitioner claims he is incompetent. Id.

The United States Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases."  Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted).  As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565.  Second, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  Id. at 1268 (citations omitted).

Here, liberally construing the Petition, Petitioner claims he is entitled equitable tolling because of his mental incompetency. Petition at 9; Reply at 1.  However, "mental impairment is not *per se* a reason to toll the statute of limitations." Hunter v. Ferrell, 587 F.3d 1304, 1308-10 (11th Cir. 2009)(citations omitted).  The alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition.  Id.

In Hunter, the issue before the appellate court was whether the district court erred in granting summary judgment on the petitioner's § 2254 action on the ground that it was time-barred. 587 F.3d at 1305.  The petitioner contended that his significant mental impairment prevented him from timely filing his federal petition.  The appellate court concluded that the district court erred because the petitioner had raised sufficient factual issues regarding whether his significant mental impairment prevented his timely filing.  Id. (citations omitted).

The facts of the instant case are distinguishable from the facts in Hunter.  Significantly, Petitioner does not explain how his purported mental incompetency effected his ability to timely file the instant Petition.  See generally Petition, see Reply.  Further, the record shows that a court appointed expert determined that Petitioner was "feigning severe cognitive limitations and memory impairment in an attempt to avoid responsibility for his current charges." Exh. 17 at 28, 30.  The expert further noted that if Petitioner's mental status was as bad as he portrayed, then Petitioner would not have passed enrollment at two community colleges in Connecticut,  passed initial screening with the Armed Forces in the time surrounding the alleged offense, or have been able to single-handedly flee the State of Florida by renting a car, and making his way across 4 or 5 states back to Connecticut.  Id. at 30.  Based on the foregoing, the Court finds that Petitioner has

not presented an extraordinary circumstances that prevented his timely filing because his mental capacity is not considerably limited.

Additionally, the Court also finds that Petitioner has not shown due diligence.  In particular, Petitioner waited more than a year, until November 6, 2006, to inquire with the clerk's office in the Twentieth Judicial Circuit as to whether his attorney filed an appeal on his behalf.  Exh. 1.  Petitioner then waited several weeks before filing his petition for a belated direct appeal in the appellate court, claiming that he thought counsel was pursuing a direct appeal on his behalf.  The appellate court, relying on the findings from the commissioner's evidentiary hearing, denied Petitioner's belated petition.  Then, Petitioner waited more than four months to file his post-conviction motion under Fla. R. Crim. P. 3.850.  Petitioner has neither explained these aforementioned delays, nor provided any details discussing the specific actions he took toward filing the instant Petition.

Because Petitioner has failed to show that the untimeliness of his Petition was the result of "extraordinary circumstances" that were "unavoidable even with diligence," he has failed to show that he is entitled to equitable tolling.  Consequently, the Petition is subject to dismissal because it is untimely filed under § 2254(d).

ACCORDINGLY, it is hereby

**ORDERED:**

-10-

1.  Respondent's Motion to Dismiss Petition as Untimely (Doc. #8) is **GRANTED.**   The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice** as untimely pursuant to § 2254(d).

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability .  Id.   "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."   Id. at § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner does not satisfy these standards.

-11-

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record